The verb harvest is defined in Webster's New International Dictionary, 2d edition (1956), as follows:

To reap or *gather*, as any crop, material, or result; *to gather in a crop*. [Emphasis supplied.]

The record amply supports a finding that the chief use of these wagons is to "gather in" the cotton crop after it has been picked. That is a part of harvesting the cotton, and suffices to bring these wagons into the classification for farm wagons.

I find it unnecessary, therefore, to rely on *J. C. Findlay* v. *United States*, 36 Treas. Dec. 283, T.D. 37964, cited by Judge Richardson. *Findlay* arose long ago, under the Tariff Act of 1913. The merchandise there in litigation consisted of wool presses that were used on the sheep ranch to compress wool after shearing, without changing its condition or advancing it along the manufacturing lines, preliminary to transport of the wool from the ranch to the mill. The tariff classification construed (paragraph 391 of the 1913 act) provided free entry for agricultural implements, as well as for farm wagons and carts.

The Board of General Appraisers held the wool presses to be agricultural implements. There was no suggestion that they were wagons or carts or entitled to classification as such.

See *C. J. Tower & Sons* v. *United States*, 32 Cust. Ct. 54, C.D. 1579, in which fruit boxes, used to *gather* fruit after it was picked, were held chiefly used in *harvesting* the fruit crop.

(C.D. 2921)

RELIANCE MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 15, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in the schedule of protests, annexed to this decision and made a part hereof, consists of battery-operated lanterns which were assessed with duty at the rate of 19 per centum ad valorem or at the rate of 18 per centum ad valorem, pursuant to the provision in paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household utensils, not specially provided for, wholly or in chief value of base metal.

It is claimed in said protests that the merchandise in issue consists of articles having as an essential feature an electrical element or device within the purview of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which are dutiable at the rate of 13¾ per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JB (Comm. Spec's initials) by Commodity Specialist J. Bistreich (Comm. Spec's name) on the invoices covered by the protests enumerated above and assessed with duty at 19, or 18 per centum ad valorem under the provisions of paragraph 339, Tariff Act of 1930, as modified, consist of battery operated lanterns which contain as an essential feature an electrical element or device, which are claimed dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified.

IT IS FURTHER STIPULATED AND AGREED that said merchandise is not an illuminating article, lighting fixture, or lamp, nor does it contain any electrical heating elements as constituent parts thereof.

That the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Upon the agreed facts, we hold the merchandise here in issue, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem, pursuant to the provisions in paragraph 353 of said tariff act, as modified by said Torquay protocol, for articles having as an essential feature an electrical element or device. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.